[Cite as *State v. Ketchum*, 2026-Ohio-2511.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

     Appellee

v.

James D. Ketchum

     Appellant

Court of Appeals No.WD-25-066

Trial Court No. 2024 CR 0331

**DECISION AND JUDGMENT**

Decided: June 30, 2026

* * * * *

Paul A. Dobson, Wood County Prosecutor and
Kristofer A. Kristofferson, Assistant Prosecutor, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**OSOWIK, J.**

*Procedural History*

**The Indictment**

{¶ 1} On September 5, 2024, the Wood County Grand Jury filed a three-count indictment against James Darnell Ketchum, alleging the following:

{¶ 2} Count 1: R.C. 2913.02(A)(l), 2913.02(B)(2), Grand Theft of a Motor Vehicle, F4, more specifically alleging that Ketchum deprived the owner, Hunger Hydraulics USA, of property or services, to wit: a 2022 Chevy Silverado, did knowingly obtain or exert control over either the property or services without the consent of the owner or person authorized to give consent.

{¶ 3} Count 2: R.C. 2911.13(A), 2911.13(C) Theft, F5, more specifically alleging that Ketchum deprived the owner, Hunger Hydraulics USA, of property or services, to wit: tools and accessories, did knowingly obtain or exert control over either the property or services without the consent of the owner or person authorized to give consent.

{¶ 4} Count 3: R.C. 2911.13(A), 2911.13(C), Breaking and Entering, F5, more specifically alleging that Ketchum did by force, stealth, or deception, trespass, as defined in section 2911.21(A)(l) of the Revised Code, in the unoccupied structure of Hunger Hydraulics USA, with the purpose to commit therein any theft offense, as defined in Section 2913.01 of the Revised Code.

**Guilty Plea**

{¶ 5} On December 6, 2024, Ketchum withdrew his former plea of not guilty and entered a plea of guilty in open court to the offense of Count 2: Theft, a violation of R.C. 2913.02(A)(l),(B)(2), a felony of the fifth degree, and Count 3: Breaking and Entering , a violation of R.C. 2911.13(A),(C), a felony of the fifth degree. The State of Ohio moved to dismiss Count 1, pursuant to the plea agreement, and that motion was approved by the court.

2.

**The Sentence**

{¶ 6} On January 30, 2025, a sentencing hearing was held and the court sentenced Ketchum to the following:

{¶ 7} Count Two: Theft, a violation of R.C. 2913.02(A)(l),(B)(2), a felony of the fifth degree, 2 years of Community Control with Wood County Adult Probation.

{¶ 8} Count Three: Breaking and Entering, a violation of R.C. 2911.13(A),(C), a felony of the fifth degree, 2 years of Community Control with Wood County Adult Probation.

{¶ 9} The court imposed fifteen enumerated conditions of community control.

*Fines/Financial Sanctions/Court Costs*

{¶ 10} Ketchum was also ordered to "pay court costs in an amount to be determined" as well as being "additionally responsible for any previously imposed fine, restitution, or other financial sanction imposed by this court on this case."

*Right to Appeal*

{¶ 11} The sentencing judgment entry also states "The Court reviewed with the Defendant the right to appeal a sentence that is contrary to law." Ketchum did not appeal his sentence.

**The Community Control Violation**

{¶ 12} On March 7, 2025, the State filed a Petition for Revocation of Community Control, alleging that Ketchum failed to appear for an office appointment on March 4,

3.

2025, and failed to call his probation officer. Additionally, the Adult Parole had issued a warrant for his arrest for a violation of his parole conditions.

{¶ 13} On August 1, 2025, Ketchum waived his right to a hearing and stipulated to the violation in the Petition for Revocation of Community Control for "absconding and new charges." The court accepted his waiver and found him to be in violation of the terms of his community control.

{¶ 14} On October 23, 2025, the court imposed a period of confinement of 12 months on each count to be served concurrent to each other, but consecutive to the sentence that he was then serving in the Ohio Department of Rehabilitation and Corrections.

{¶ 15} The trial court imposed "court costs in an amount to be determined." Specifically, the Community Control violation sentencing judgment entry states:

### III.    Fines/Financial Sanctions/Court Cost

The Defendant is to pay court costs in an amount to be determined. However, the Court will suspend the collection of court costs until the Defendant is released from incarceration.

The Defendant is additionally responsible for any previously imposed fine, restitution, or other financial sanction imposed by this court on this case.

### Assignment of Error

{¶ 16} Ketchum is ascribing but a singular error of the trial court for our review.

4.

I. The trial court erred to the detriment of Appellant when he was ordered to pay "court costs" without specifying exactly which costs were being imposed, or specifying the basis for the court's finding that Appellant can reasonably be expected to have the ability to pay them, once released from confinement.

{¶ 17} Appellant argues that since the trial court's order does not identify which costs the court is imposing such as the costs of prosecution, confinement, assigned counsel or supervision, this court should find that such an imposition is too vague and hence, contrary to law pursuant to R.C. 2953.08(G)(2).

*Analysis*

{¶ 18} We have recently been confronted with the same issue inspired by the same trial court in its imposition of court costs when it utilized the identical language in its sentencing judgement entry.

{¶ 19} In *State v. Greene,* 2025-Ohio-1096, ¶ 93-97 (6th Dist.), we held:

> As we have previously noted, "Court costs, costs, or costs of this action means any costs that the Revised Code requires a court to impose upon an offender who has been convicted." *State v. Lieb*, 2023-Ohio-574, 2023 WL 2237954, ¶ 7 (6th Dist.), citing *State v. Bricker*, 2022-Ohio-3494, 2022 WL 4592460, ¶ 25 (6th Dist.), quoting *State v. Lantz*, 2019-Ohio-3307, 2019 WL 3852556, ¶ 11 (6th Dist.). These mandatory costs, pursuant to R.C. 2947.23(A)(1), are the costs of prosecution, imposed without regard to the defendant's ability to pay. *Lieb* at ¶ 8. In contrast, non-mandatory costs, such as the costs of confinement, require a determination of the defendant's ability to pay and must be separately imposed at the sentencing hearing and in the judgment. *State v. Patterson,* 2024-Ohio-2198, 2024 WL 2874545, ¶ 13 (6th Dist.).

5.

{¶ 20} Like *Greene*, in this case, the record establishes no separate determination by the trial court regarding non-mandatory costs under R.C. 2947.23. Considering the record, we can find no error by the trial court in its imposition of court costs, which are mandatory costs under R.C. 2947.23 *Greene* at ¶ 96.

*Conclusion*

{¶ 21} For the foregoing reasons, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of the appeal pursuant to App.R. 24.

Judgement affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, P.J.
_____
JUDGE

Christine E. Mayle, J.
_____
JUDGE

Gene A. Zmuda, J.
_____
CONCUR.
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.